## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **Bradley Mrkvicka, individually and on behalf of all other similarly situated employees** | **No.** 1:23-cv-47 |
| *Plaintiffs,* | |
| **v.** | **COLLECTIVE ACTION COMPLAINT** |
| **Certified Tree Care LLC; Certified Tree Care Group LLC; Certified Tree Care Fort Worth LLC; and Brian Hisey** | |
| *Defendants.* | |

Plaintiff Bradley Mrkvicka, individually and on behalf of all other similarly situated employees under 29 U.S.C. § 216(b), files this Collective Action Complaint against Certified Tree Care LLC; Certified Tree Care Group LLC; Certified Tree Care Fort Worth LLC; and Brian Hisey (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.    NATURE OF SUIT

1.    Defendants failed to pay Plaintiff, and other employees like Plaintiff, overtime wages as required by Section 207 of the FLSA. Accordingly, Plaintiff files this Complaint individually and on behalf of all other employees who consent to join this lawsuit pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages and all other damages provided for under the FLSA.

2.    In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of

living.[1] "There can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market." *Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104, 107 (5th Cir. 1974).

3.      Section 207 of the FLSA requires covered employers to compensate all non-exempt employees in an amount not less than one-and-a-half times his or her regular rate of pay for each hour worked after forty (40) hours in a workweek.[2] *See* 29 U.S.C. § 207(a)(1). Section 216(b) of the FLSA creates a cause of action against an employer who violates the overtime compensation requirements. *See* 29 U.S.C. § 216(b).

4.      Here, Plaintiff and employees like Plaintiff (defined below) routinely worked in excess of forty (40) hours per workweek during their employment with Defendants, but Defendants failed to compensate them at one-and-one-half times the regular rate for all hours worked over forty (40) in each workweek. Instead of paying overtime, as required by the FLSA, Defendants paid Plaintiff and employees like Plaintiff the same for all hours worked.

5.      Plaintiff and employees like Plaintiff did not (and do not) perform work that meets the definition of exempt work under the FLSA.

6.      Accordingly, Plaintiff seeks to recover all unpaid overtime wages, liquidated damages, attorneys' fees, and costs provided for under Section 216(b) of the FLSA.

---

[1]   *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981) (stating the purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay.")

[2]   The term "workweek", when used in this Complaint, shall carry the meaning assigned to it in 29 C.F.R. § 778.105 ("a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but can begin on any day and at any hour of the day.")

7.      As provided for under 29 U.S.C. § 216(b), Plaintiff requests that all of Defendants' similarly situated employees be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.    PARTIES

8.      Plaintiff, Bradley Mrkvicka, is an individual and resident of Texas. Plaintiff Bradley Mrkvicka was employed by Defendants within the three-year period preceding the filing of this lawsuit. Plaintiff Bradley Mrkvicka has consented to be a party-plaintiff to this action as indicated by the notice of consent that will be filed with the Court.

9.      This lawsuit is brought on behalf of other employees who are similar to Plaintiff ("Collective Members") defined as: All individuals who worked for Certified Tree Care at any time within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, who were paid a day rate, and were not paid an overtime premium for all hours worked after forty (40) hours in a single workweek. Collective Members will "opt in" pursuant to Section 216(b) of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b).

10.     At all times hereinafter mentioned, Plaintiff and Collective Members were individual employees of Defendants who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

11.     Defendant, Certified Tree Care LLC, is an entity formed under the laws of Texas. Defendant can be served with process by serving its registered agent Brian Hisey at 4300 E. Whitestone Blvd., Cedar Park, Texas 78613, or wherever it may be found.

12.     Defendant, Certified Tree Care Group LLC, is an entity formed under the laws of Texas. Defendant can be served with process by serving its registered agent Brian Hisey at 4300 E. Whitestone Blvd., Cedar Park, Texas 78613, or wherever it may be found.

13.     Defendant, Certified Tree Care Fort Worth LLC, is an entity formed under the laws of Texas. Defendant can be served with process by serving its registered agent Brian Hisey at 4300 E. Whitestone Blvd., Cedar Park, Texas 78613, or wherever it may be found.

14.     Defendant, Brian Hisey, an individual, is individually liable as an "employer" as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Mr. Hisey is the President, owner, and operator of Certified Tree Care that has 11 locations across 4 states. Mr. Hisey acts directly or indirectly in the interest of the employees who work for Certified Tree Care (including Plaintiff and Collective Members) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and making hiring and firing decisions. Mr. Hisey can be served at 3499 Ranch Road 620 S. Apt 6110, Austin, Texas 78738, or wherever he may be found.

### III.    JURISDICTION AND VENUE

15.     This Court has subject-matter jurisdiction because this matter involves claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction.

16.     This Court has personal jurisdiction over Defendants because Defendants are each doing business in Texas. Moreover, Defendants employ Texas residents, including Plaintiff, to work in Texas.

### IV.    COVERAGE UNDER THE FLSA

17.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs as if set forth in full.

18.    At all times relevant, Plaintiff and Collective Members were (and are) Defendants' "employees" as that term is defined by the FLSA and relevant case law. See e.g., Reich, 998 F.2d at 327.

19.    At all relevant times, Defendants have each, individually and jointly, been an "employer" of Plaintiff and Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.    Defendants had gross receipts (exclusive of excise tax) in excess of $500,000 for each year in 2020, 2021, and 2022.

21.    At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Collective Members.

22.    Specifically, Brian Hisey, through his ownership interests in Certified Tree Care LLC, Certified Tree Care Group, LLC, and Certified Tree Care Fort Worth LLC (collectively, "Certified Tree Care"), and controls the day-to-day decisions of Certified Tree Care by making strategic, operational and policy decisions, and exerting operational control over its employees. Moreover, Mr. Hisey has the power to hire and fire employees, discipline employees, create and enforce employee policies, and set employee compensation. Therefore, Mr. Hisey is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.    At all relevant times, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a full-service tree care business – where Plaintiff and Collective Members were (and are) employed to work.

24.      At all relevant times, Defendants have each individually and collectively been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25.      At all relevant times, Plaintiff and Collective Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendants who were all engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993). Specifically, as part of their employment, Plaintiff and Collective Members handled equipment and other items that were purchased across state lines or traveled in interstate commerce, or both.

## V.      FACTS

26.      Plaintiff realleges and incorporates all allegations in the preceding paragraphs as if set forth in full.

27.      Defendants own and operate "full service tree care company" with 11 locations across 4 states.[3] More specifically, Defendants operate their business with locations in Austin, Texas; San Antonio, Texas; Houston, Texas; Fort Worth, Texas; Dallas, Texas; Knoxville,

---

[3]      *See* Website Brian Hisey, https://www.bryanhisey.com/ (last accessed January 5, 2023).

Tennessee; Nashville, Tennessee; Memphis, Tennessee; and Louisville, Kentucky.[4]

28.     Defendants employ many individuals to carry out the functions of their business. To carry out the essential functions of Defendants' business, Defendants hire employees like Plaintiff who perform the necessary manual, labor-intensive work such as: tree removal, stump removal, tree pruning and trimming, land clearing, and other manual labor required to carry out Defendants' business operations.

29.     Plaintiff worked on a crew performing manual labor for Defendants from approximately July 2022 until approximately December 2022. During Plaintiff's employment, Plaintiff was part of a crew that was responsible for performing the manual labor necessary to complete the various projects that Defendants' customers engaged Defendants to complete.

30.     As part of this crew, Plaintiff and employees like Plaintiff were required to perform labor-intensive manual labor for Defendants. Specifically, Plaintiff and employees like Plaintiff trimmed and pruned trees, cutdown trees, serviced trees, removed trees, operated a chipper, and other labor-intensive tasks.

31.     Defendants did not compensate Plaintiff and employees like Plaintiff by the hour.

32.     Instead, Defendants paid Plaintiff and employees like Plaintiff the same for all hours worked, including any hours worked over forty (40) in a single workweek, even though Plaintiff and employees like Plaintiff are not-exempt from overtime.

33.     More specifically, Defendants compensated Plaintiff and employees like Plaintiff by paying them a flat "daily rate" for each day they worked.

---

[4] *See* Website Certified Tree Care LLC, https://certifiedtreecarellc.com/contact-us/ (last accessed January 5, 2023).

34.     Moreover, even though Plaintiff and employees like Plaintiff routinely worked more than forty (40) hours each workweek, they were paid the same flat day rate for each day they worked, regardless of whether they had worked more than forty (40) hours.

35.     In other words, Defendants failed to pay Plaintiff and employees like Plaintiff overtime at one-and-one-half the regular rate for any hours worked over forty (40) in a workweek.

36.     At all relevant times, Defendants routinely assigned Plaintiff and employees like Plaintiff to work more than forty (40) hours each workweek.

37.     At all relevant times, Plaintiff and employees like Plaintiff routinely worked more than forty (40) hours each workweek.

38.     However, Plaintiff and employees like Plaintiff are non-exempt from overtime.

39.     Plaintiff and employees like Plaintiff were not paid on a salary-basis.

40.     Plaintiff and employees like Plaintiff were primarily responsible for performing labor intensive, manual labor.

41.     Plaintiff and employees like Plaintiff did not perform work that would qualify them as exempt from overtime.

42.     Defendants did not consider Plaintiff and employees like Plaintiff to be exempt from overtime.

43.     During the three-year period prior to this suit, Defendants have employed other employees like Plaintiff (i.e. Collective Members) to perform similar job duties under a similar payment scheme as used to compensate Plaintiff.

44.     Defendants employed Plaintiff and employees like Plaintiff within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff and employees like Plaintiff any additional compensation for hours worked over forty (40) each workweek.

45.     Defendants violated Sections 11(c) and 15(a)(5) of the FLSA in that Defendants failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked over forty (40) in a workweek, and failed to record the correct overtime rate of pay for such hours.

46.     Defendants' method of paying Plaintiff and the Collective Members in violation of the FLSA was willful and not based on any good-faith reasonable belief that it was in compliance with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a). Moreover, because Defendants cannot show that their method of paying Plaintiff and the Collective Members was based on a good faith belief that it complied with the FLSA, an award of liquidated damages is mandatory. See 29 U.S.C. § 216(b).

## VI.     COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs as if set forth in full.

48.     Plaintiff brings this lawsuit under the FLSA as an "opt-in" collective action as provided for under Section 216(b) of the FLSA. *See* 29 U.S.C. § 216(b) ("An action [under the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In other words, in addition to the claims asserted by Plaintiff individually, Plaintiff brings this action on behalf of other employees like Plaintiff who are similarly entitled to recover unpaid wages from

Defendants under the FLSA.

49.     FLSA claims may be pursued by those who opt-in to this case pursuant to Section

216(b) by filing a Notice of Consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b) ("No

employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent

in writing to become such a party and such consent is filed in the court in which such action is

brought.").

50.     Therefore, Plaintiff seeks to notify other employees who are similarly situated to

Plaintiff of their right to join this action against Defendants to recover unpaid wages and other

damages under the FLSA. At the time of filing this Complaint, Plaintiff believes the scope of the

Collective Members sought to be notified can be defined as:

> **All individuals who worked for Certified Tree Care at any time
> within the three (3) year period preceding the filing of this
> lawsuit through the final disposition of this matter, who were
> paid a day rate, and were not paid an overtime premium for all
> hours worked after forty (40) hours in a single workweek.**

51.     The proposed Collective Members encompassed within the above definition are

similarly situated in that they have been subject to uniform practices by Defendants in violation

of the FLSA, including:

a.  Defendants' uniform practice of compensating them using a flat daily rate
    payment scheme; and

b.  Defendants' uniform failure to pay them overtime compensation for all hours
    worked over forty (40) hours in each workweek

52.     Plaintiff, individually and on behalf of other similarly-situated employees, seek

relief on a collective basis challenging, among other FLSA violations, the following: Defendant's

failure to pay employees overtime compensation for the hours worked over forty (40) in each

workweek.

53.     Plaintiff is aware of other employees who work or worked for Defendants who performed similar job duties as Plaintiff, were paid in the same manner as Plaintiff (i.e. a flat daily rate), and were not paid an overtime premium for any hours they worked over forty (40) in a workweek.

54.     Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on the Collective Members.

55.     Plaintiff and Collective Members have the same pay structure and have similar job duties. Plaintiff and Collective Members are all victims of Defendants' unlawful practices as set forth above.

56.     Plaintiff and Collective Members are all non-exempt from overtime under the FLSA.

57.     Defendants' failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members. Plaintiff's experience regarding pay is typical of the experiences of the Collective Members.

58.     Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The Collective Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Collective Members in violation of the FLSA's overtime requirements.

### VII.    CAUSE OF ACTION: UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

59.     Plaintiff realleges and incorporates all allegations in the preceding paragraphs as if set forth in full.

60.    At all material times, Plaintiff and the Collective Members were employees of Defendants.

61.    At all material times, Plaintiff and the Collective Members were non-exempt employees.

62.    In addition, Defendants did not consider Plaintiff and Collective Members to be employees who were exempt from overtime.

63.    Plaintiff and employees like Plaintiff were primarily engaged in blue-collar, manual labor during their employment with Defendants.

64.    During the relevant period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and the Collective Members in an enterprise engaged in commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one-and-one-half times the regular rate[5] for every hour worked over forty (40) hours in each workweek.

65.    None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to any of the Defendants, Plaintiff, or the Collective Members.

66.    Defendants are not exempt from paying overtime under the FLSA.

67.    Plaintiff nor the Collective Members performed worked that would lawfully permit Defendants to classify them as exempt from overtime.

## VIII.   JURY DEMAND

68.    Plaintiff requests a trial by jury.

---

[5]    The regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime owed to Plaintiff and the Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. 778.208.

## IX.    DAMAGES SOUGHT

69.    Plaintiff realleges and incorporates all allegations in the preceding paragraphs as if set forth in full.

70.    Plaintiff and Collective Members are entitled to recover overtime compensation at one-and-one-half the regular rate of pay for every hour worked over forty (40) hours in each workweek plus an equal amount as liquidated damages.

71.    Plaintiff and Collective Members are entitled to an amount equal to all unpaid wages found due as liquidated damages because Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

72.    Plaintiff and Collective Members are entitled to recover damages for the past three (3) years because Defendants' violations were willful.

73.    Finally, Plaintiff and Collective Members are entitled to recover all attorneys' fees, expenses, and costs incurred as required by the FLSA. *See* 29 U.S.C. § 216(b).

## X.    PRAYER

74.    Plaintiff and Collective Members pray that a final judgment be entered against Defendants, jointly and severally, awarding Plaintiff and Collective Members the following relief:

   a. a final judgment be entered against Defendants, finding Defendants jointly and severally liable to Plaintiff (and those who file a consent to join this matter) for all damages provided for under the FLSA;

   b. awarding Plaintiff (and those who file a consent to join this matter) all damages provided for under the FLSA including an award of unpaid wages (including overtime wages) and liquidated damages in an amount equal to the unpaid wages (including overtime wages) awarded to Plaintiff (and those who file a consent to join this matter);

c.  awarding Plaintiff (and those who file a consent to join this matter) all attorneys' fees, expenses, and costs incurred in connection with this matter as required by Section 216(b) of the FLSA;

d.  awarding Plaintiff (and those who file a consent to join this matter) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

e.  awarding any such other relief and further relief that Plaintiff (and those who file a consent to join this matter) may be justly or rightfully entitled.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
        Drew N. Herrmann
        Texas Bar No. 24086523
        drew@herrmannlaw.com
        Pamela G. Herrmann
        Texas Bar No. 24104030
        pamela@herrmannlaw.com

        **HERRMANN LAW, PLLC**
        801 Cherry St., Suite 2365
        Fort Worth, TX 76102
        Phone: 817-479-9229
        Fax: 817-840-5102
        ATTORNEYS FOR PLAINTIFF AND
        FLSA OPT-IN PLAINTIFFS

14